UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2005 SEP 23 AM 10: 41

| | |
|---|---|
| DAWN HENDRICK § § Plaintiff, § § § § vs. § § PROFESSIONAL CIVIL PROCESS § OF TEXAS, INC. and § RICK KEENEY § § Defendants § | Civil Action No. A05CA778 LY |

# NOTICE OF REMOVAL

To the Honorable Judges of the United States District Court for the Western District of Texas:

I.

Professional Civil Process of Texas, Inc. and Rick Keeney are the defendants in a civil action brought on August 16, 2005, in the 353rd District Court of the State of Texas, Travis County, entitled "Dawn Hendrick, Plaintiff v. Professional Civil Process of Texas, Inc. and Rick Keeney, Defendants." A copy of the citation, petition, and answer in that action is attached and constitutes all process, pleading, and orders served in the action.

II.

The citation and petition in this action were served on August 23, 2005, at 23610 Perdenales Canyon Trail, Spicewood, Texas 78669. This notice of removal is filed within 30 days of receipt of the petition and is timely filed under 28 U.S.C. § 1446(b).

III.

The district courts of the United States have original jurisdiction over this action because the claim arises under federal law in that the cause of action is created by federal law. Plaintiff's petition states a claim based solely on a violation of the Fair Labor Standards Act (the FLSA).

IV.

Removal of this action is proper under 28 U.S.C. § 1441, since it is a civil action brought in state court, and the federal district courts have original jurisdiction over the subject matter under 28 U.S.C. §1331 because the case arises under federal law, and 28 U.S.C. § 1337(a) as arising "under any Act of Congress regulating commerce."

WHEREFORE, Professional Civil Process of Texas, Inc. and Rick Keeney, all the defendants in this action, join together and pursuant to these statutes and in conformance with the requirement set forth in 28 U.S.C. § 1446, remove this action for trial from the 353rd District Court of the State of Texas, Travis County, to this Court, on this 13th day of September, 2005.

Respectfully submitted,

**KASLING, O'TOOLE HEMPHILL & DOLEZAL, L.L.P.**
700 Lavaca, Suite 1000
Austin, Texas 78701
Telephone: (512) 472-6800
Facsimile: (512) 472-6823

By: _/s/ Brian O'Toole_
Brian J. O'Toole
State Bar No. 15340510
**Attorney for Defendants
Professional Civil Process
of Texas, Inc. and Rick Keeney**

## CERTIFICATE OF NOTICE OF FILING

The undersigned, attorney of record for Professional Civil Process of Texas, Inc. and Rick Keeney, certifies that on August 13, 2005, a copy of the Notice of Removal of this action was filed with the clerk of the 353rd District Court of the State of Texas, Travis County, and that written notice of filing of the Notice of Removal was certified mailed to the party named above as plaintiff in this action or to his/her attorney of record. Attached to the notices were copies of the Notice of Removal. Removal of this action is effective as of that date, pursuant to 28 U.S.C. § 1446.

        KASLING, O'TOOLE HEMPHILL & DOLENZAL, L.L.P.
        700 Lavaca, Suite 1000
        Austin, Texas 78701
        Telephone: (512) 472-6800
        Facsimile: (512) 472-6823

By: _/s/ Brian O'Toole_
Brian J. O'Toole
State Bar No. 15340510
        **Attorney for Defendants**
        **Professional Civil Process**
        **of Texas, Inc. and Rick Keeney**

```
                    C I T A T I O N
               T H E   S T A T E   O F   T E X A S          Cause No. GN502905
```

DAWN HENDRICK                              , Plaintiff

   vs.

DELIVERED: 8/23/05
by: _____



ASSURED CIVIL PROCESS AGENCY

PROFESSIONAL CIVIL PROCESS OF TEXAS, INC. AND     , Defendant
RICK KEENEY



RECEIVED AUG 2005 ASSURED Civil Process Agency

To: PROFESSIONAL CIVIL PROCESS OF TEXAS, INC.
    BY SERVING ITS REGISTERED AGENT, RICK KEENEY
    23610 PEDERNALES CANYON TRAIL
    SPICEWOOD, TEXAS 78669

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A. M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION AND JURY DEMAND
of the PLAINTIFF in the above styled and numbered cause, which was filed on the 16th day
of August, 2005, in the 353RD Judicial District Court of Travis County, Austin, Texas.
Also attached: PLAINTIFF'S REQUEST FOR DISCLOSURE

    ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the 16th day of August, 2005.

| REQUESTED BY: | AMALIA RODRIGUEZ-MENDOZA |
|---|---|
| B. CRAIG DEATS | Travis County District Clerk |
| 1204 SAN ANTONIO ST., SUITE 203 | Travis County Courthouse |
| AUSTIN, TX 78701 | 1000 Guadalupe, P.O. Box 1748 |
| (512) 474-6200 | Austin, Texas |
| | By Christina Mullins |
| | CHRISTINA MULLINS, Deputy |

------------------------- R E T U R N -------------------------

Came to hand on the ____ day of _____, ____ at ____ o'clock ____.M., and executed at _____,
within the County of _____ on the ____ day of _____, ____, at ____ o'clock ____.M., by delivering
to the within named _____
_____, each in person, a true copy of this citation together
with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed
on such copy of citation the date of delivery.

Service Fee: $ _____

                                          SHERIFF/CONSTABLE/AUTHORIZED PERSON

Sworn to and subscribed before me this the              BY: _____
_____ day of _____, _____.

                                          PRINTED NAME OF SERVOR

_____
NOTARY PUBLIC, THE STATE OF TEXAS              _____ County, Texas
Service Copy              Service Fee Not Paid              GN502905-001

NO. GN502905

| | | |
|---|---|---|
| **DAWN HENDRICK,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **PROFESSIONAL CIVIL PROCESS** | § | |
| **OF TEXAS, INC. and RICK KEENEY,** | § | |
| | § | |
| Defendants. | § | 353 **JUDICIAL DISTRICT** |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF THE COURT:

Comes now the Plaintiff, Dawn Hendrick, and complains of Defendants Professional Civil Process of Texas, Inc. and Rick Keeney, and for cause of action would show the following.

### I. DISCOVERY LEVEL

Discovery in this case is intended to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II. PARTIES

Plaintiff Dawn Hendrick is and was at all times relevant to this lawsuit a resident of Travis County, Texas.

Defendant Professional Civil Process of Texas, Inc. (PCP) is a Texas corporation whose headquarters and principle office is located in Travis County, Texas. Service may be had on Defendant PCP by serving its registered agent for service of process, Rick Keeney, at his office address located at 23610 Pedernales Canyon Trail, Spicewood, Texas 78669.

Defendant Rick Keeney is an individual who was and is at all relevant times a resident of Travis County, Texas. Service may be had on Defendant Keeney at his office address located at 23610 Pedernales Canyon Trail, Spicewood, Texas 78669.

FILED
05 AUG 16 PM 4: 02

[signature]
DISTRICT CLERK
TRAVIS COUNTY, TEXAS

1

### III. JURISDICTION AND VENUE

This Court has jurisdiction over Plaintiff's claims against Defendants pursuant to Article V, §8 of the Texas Constitution and 29 U.S.C. §216(b). Venue lies in this Court pursuant to Civil Practice & Remedies Code §15.002 because all or a significant portion of the events giving rise to Plaintiff's claims against Defendants occurred in Travis County.

### IV. FACTUAL BACKGROUND

Plaintiff was employed by Defendant PCP in February 1998. In 2002, she was promoted to the Office Manager position at PCP's corporate headquarters in Spicewood, Texas. In the two years she served as Office Manager, she never received a written performance evaluation. However, oral feedback regarding her performance in the position was uniformly positive, and she consistently received pay increases.

In February 2004, Plaintiff complained to Rick Keeney regarding PCP's failure to pay its employees overtime for hours worked in excess of 40 per week. After being told that PCP would not pay overtime to its employees, Ms. Hendrick filed a complaint with the U.S. Department of Labor in March 2004. The DOL assigned an investigator, Ken Overby, to investigate Ms. Hendrick's complaints. On April 28, 2004, Mr. Overby visited Mr. Keeney at PCP's headquarters in Spicewood. Ultimately, Ms. Hendrick and other PCP employees received backpay for unpaid overtime compensation as a result of the investigation by Mr. Overby.

On April 29, 2004, Mr. Keeney called Ms. Hendrick to his office. He presented her with a written performance evaluation with an unsatisfactory rating. The evaluation was dated April 27, 2004. Mr. Keeney informed Ms. Hendrick that she was being demoted from her position of Office Manager to her prior position of Forwarding Supervisor due to unsatisfactory performance. This demotion took effect on May 1, 2004. The demotion to Forwarding Supervisor was accompanied by a pay cut. During the conversation in which Mr. Keeney

2

informed Ms. Hendrick of her demotion, he also told her that he had received word she was having PCP investigated.

In May 2004, the new Office Manager, Lisa Stevenson, removed Ms. Hendrick from the Forwarding Supervisor position and reassigned her to work in Collections in an area which was secluded from other employees. While informing Ms. Hendrick of this second position change, Ms. Stevenson told Ms. Hendrick that she knew Ms. Hendrick had been the one who complained to DOL.

At the end of June 2004, Ms. Stevenson called Ms. Hendrick at home and told her that she was being transferred from the headquarters office in Spicewood to a field office in downtown Austin. Ms. Hendrick was aware that this was a tactic used by PCP to attempt to drive off people in retaliation for filing claims. Mr. Keeney had instructed Ms. Hendrick previously to transfer an employee from one office to another after the employee filed a workers compensation claim in hopes the employee would quit. When the employee did not quit, Mr. Keeney instructed Ms. Hendrick to fire her.

Ms. Hendrick's transfer from Spicewood to the Austin office was accompanied by a pay increase, but the pay increase was offset by Ms. Hendrick's loss of a bi-weekly travel allowance and her increased travel costs. Ms. Stevenson also instructed Ms. Hendrick that she was to come to the Spicewood office on her own time each day to pick up mail at the headquarters office and carry it to Austin.

On July 23, 2004, Ms. Hendrick e-mailed Ms. Stevenson that she was unwilling to pick up mail at the corporate office and carry it to Austin on her own time. Ms. Stevenson then sent a fax to Ms. Hendrick instructing her to immediately leave the downtown Austin premises. Thereafter, on July 26, 2004, Ms. Hendrick was told to report to the corporate headquarters the next day. When she appeared at the corporate headquarters on July 27, PCP's HR Director, Polly Henry, offered to increase Ms. Hendrick's pay slightly if she would agree to pick up mail for the Austin office each day. Ms. Hendrick agreed to do so. However, approximately a week

3

later, Ms. Hendrick received a write-up from Ms. Stevenson for insubordination for refusing to pick up documents for delivery to Austin.

On August 13, 2004, Ms. Hendrick went to the corporate office in Spicewood and picked up the mail pouch for the downtown Austin office. After she arrived in the Austin office, Ms. Hendrick reviewed the contents of the pouch. Placed therein was a write-up form from Ms. Stevenson listing some five instances of alleged misconduct. The write-up instructed that Ms. Hendrick was suspended and was to go home. After confirming this instruction by voicemail, Ms. Hendrick did as instructed.

On Tuesday, August 17, 2004, Ms. Hendrick received a telephone call from Mr. Keeney, who instructed her to report to work at the corporate office the following day. On Wednesday, August 18, 2004, Ms. Hendrick went to the corporate office, arriving at about 7:30 a.m. She met Ms. Stevenson, who suggested that the two go outside on the deck to talk. The two went outside to the deck and sat on chairs there. Ms. Stevenson confirmed to Ms. Hendrick the rumor that she had been replaced by another employee in the downtown Austin office. Ms. Stevenson then told Ms. Hendrick, "You and PCP need to part ways." Having thus been discharged, Ms. Hendrick went home. Ms. Stevenson told employees in the corporate office later that day that she had felt sick all night but that she did what she had to do, and told them, "Dawn is no longer with us."

## V. CLAIM

Defendant demoted and later discharged Plaintiff in retaliation for her report of potential violations of the overtime provision of the Fair Labor Standards Act, in violation of 29 U.S.C. §215(a)(3). As a result of Defendant's unlawful demotion and discharge of Plaintiff, Plaintiff has suffered injury, including but not limited to loss of employment, past and future pay loss, past and future loss of earning capacity, and past and future mental anguish. Defendants' actions in first demoting and later discharging Plaintiff in retaliation for her reports to DOL were wanton and malicious and in willful derogation of Plaintiff's rights protected by the FLSA.

4

## VI.  JURY DEMAND

Plaintiff hereby demands trial by jury on all issues so triable.  The jury fee is tendered herewith.

## VII.  REQUEST FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

## VIII.  PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendants be cited to appear and answer herein and, upon trial on the merits, that the Court award Plaintiff the following relief.

1.   Declare that Defendants demoted and discharged Plaintiff in retaliation for her reports of FLSA violations to the DOL, in violation of Plaintiff's rights and Defendants' obligations under 29 U.S.C. §215(a)(3).

2.   Enjoin Defendants from retaliating against Plaintiff because of her protected conduct.

3.   Order Defendants to reinstate Plaintiff in her former position as Office Manager in Defendants' Spicewood, Texas office or, if reinstatement is impracticable, to pay Plaintiff front pay in lieu of reinstatement.

4.   Order Defendants to pay Plaintiff for all pay and benefits lost as a result of Defendants' unlawful conduct, together with an equal amount as liquidated damages.

5.   Order Defendants to pay Plaintiff compensatory damages for past and future loss of earning capacity and for mental anguish.

6.   Order Defendants to pay Plaintiff punitive damages in an amount sufficient to deter Defendants' illegal conduct in the future.

7.   Award Plaintiff her reasonable attorney fees and costs.

8. Award Plaintiff such other relief, whether legal, equitable or injunctive, as the Court deems necessary and just.

Respectfully submitted,

_____
B. Craig Deats
SBN: 05703700
DEATS, DURST, OWEN & LEVY, PLLC
1204 San Antonio Street, Suite 203
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

Attorneys for Plaintiff

6



NO. GN502905

| | | |
|---|---|---|
| DAWN HENDRICK | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| PROFESSIONAL CIVIL PROCESS OF | § | |
| TEXAS, INC. and RICK KEENEY | § | |
| | § | |
| Defendants. | § | 353RD JUDICIAL DISTRICT |

## DEFENDANTS, PROFESSIONAL CIVIL PROCESS OF TEXAS, INC. AND RICK KEENEY'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Defendants, PROFESSIONAL CIVIL PROCESS OF TEXAS, INC. AND RICK KEENEY, in answer to the allegations contained in Plaintiff's Original Petition, allege and at the trial hereof will show as follows:

I.

### General Denial

Defendants deny all and singular, each and every material allegation contained in Plaintiff's Original Petition and demand strict proof of same by a preponderance of the evidence.

II.

### Prayer

WHEREFORE, Defendants pray that Plaintiff take nothing by her suit and that Defendants have judgment for their costs and for such further relief to which they may be justly entitled.

FILED 05 SEP 12 AM 10:04
DISTRICT CLERK
TRAVIS COUNTY TEXAS

1

Respectfully submitted,

KASLING, O'TOOLE, HEMPHILL & DOLEZAL, L.L.P.
700 Lavaca, Suite 1000
Austin, Texas 78701
Telephone: (512) 472-6800
Facsimile: (512) 472-6823

By: _____
Brian J. O'Toole
State Bar No. 15340510

**Attorneys for Defendants, Professional Civil Process of Texas, Inc. and Rick Keeney**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via ✓ facsimile, ___ certified mail, ___ hand delivery on the following counsel of record on this September 12, 2005.

B. Craig Deats
Deats, Durst, Owen & Levy, PLLC
1204 San Antonio Street, Suite 203
Austin, TX 78701
Fax (512) 474-7896

_____
Brian J. O'Toole

2